Toomey, J.
Arthur Goldstein (“plaintiff’) filed this appeal pursuant to G.L.c. 112 §87BBB(C) after his real estate broker’s license was suspended by the Board of Registration of Real Estate Brokers and Salesmen (“Board”).[2] Plaintiff, pro se, filed a motion for summary judgment. The Board filed an opposition and a cross-motion for judgment on the pleadings. Both parties agree that there are no genuine issues of material fact and that the case can be resolved as a matter of law. After hearing the parties and review of the parties’ written submissions, plaintiffs motion for summary judgment is ALLOWED.
BACKGROUND
In 1970, plaintiff obtained a real estate broker’s license pursuant to G.L.c. 112, §87SS. That section permitted attorneys at law to obtain a license without having to pass the otherwise required written examination. In July 1991, plaintiff was suspended indefi *577 nitely from the practice of law for the reason that he had converted substantial sums of clients’ money to personal use. His suspension from the practice of law was unrelated to any real estate broker activities.
On November 11,1994, plaintiff was notified by the Board that his real estate broker’s license was suspended because he had been suspended from the practice of law. Plaintiff appealed that decision to this Court and then filed a motion for summary judgment. The Board filed an opposition and a cross-motion for judgment on the pleadings. Both parties agree that there is only one question of law to be decided, namely, whether the Board of Registration of Real Estate Brokers and Salesmen exceeded its authority in suspending plaintiffs license.
DISCUSSION
A. The Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
B. The Question of the Parameters of the Board’s Authority
Plaintiff argues that, because loss of one’s license to practice law is not enumerated in the statute as a ground for the suspension of one’s real estate broker’s license, the Board exceeded its authority in suspending his license. The Board responds that it acted within its authority in suspending plaintiffs license. The Board further asserts that the suspension was in furtherance of its statutory mandate to ensure that brokers uphold the integrity of the real estate profession.
General Laws c. 112, §87AAA gives the Board authority to suspend a real estate broker’s license. The statute enumerates twelve (12) grounds upon which the Board may suspend a license. Among those statutory grounds are misrepresentation, failure to remit funds belonging to others and acting in a dual capacity without the knowledge and consent of the parties. The statute also provides that, if one is convicted of a crime, his or her license may be suspended. The statute does not include the loss of an attorney’s license as a ground for the suspension of the former attorney’s real estate broker’s license.
When interpreting a statute, the court will commence with a review of the language of the statute, the principal source of insight into legislative purpose. Greater Boston Real Estate Board v. Board of Registration of Real Estate Brokers & Salesmen, 405 Mass. 360, 363 (1989). If statutory language is clear, it must be given its plain and ordinary meaning. Nationwide Mut. Ins. Co. v. Commissioner of Insurance, 397 Mass. 416, 420 (1986).
The statute in the case at bar is unambiguous. The plain language of the statute lists twelve premises for the Board’s suspension of a license. There is no provision, such as “including but not limited to,” indicative of non-exclusivity. There is no intimation that the enumerated reasons for suspension serve only as a list of examples. There is no implication that loss of one’s license to practice law may result in loss of one’s real estate broker’s license. Thus, the language chosen by the legislative draftsman is wholly devoid of a grant of authority to the Board to suspend a real estate broker’s license for the reason presented at bar.
Furthermore, the Supreme Judicial Court has observed that the section of c. 112 here at issue should be construed narrowly. Greater Boston, supra, at 364. To do otherwise would be to engage in impermissible judicial legislation. This Court finds, therefore, that the Board exceeded its authority in suspending plaintiffs real estate broker’s license and plaintiffs motion for summary judgment will be ALLOWED.
ORDER
Based on the foregoing, plaintiffs motion for summary judgment is ALLOWED. Defendants’ motion for judgment on the pleadings is DENIED.

Plaintiff sued both the Board and the Chairperson of the Board. For purposes of this decision, this Court will refer to both as the “Board.”